UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV-102-R

| | |
|---|---|
| EDWARD R. KNOUS and | |
| JANET KNOUS | PLAINTIFFS |
| v. | |
| CONAGRA FOODS, INC. | DEFENDANT |
| | |
| CONAGRA FOODS, INC. | THIRD-PARTY PLAINTIFF |
| v. | |
| STAFFING CONCEPTS NATIONAL, INC. and | |
| EARL L. HENDERSON TRUCKING COMPANY | THIRD-PARTY DEFENDANTS |
| | |
| STAFFING CONCEPTS NATIONAL, INC. | CROSS-CLAIMANT |
| v. | |
| EARL L. HENDERSON TRUCKING COMPANY | CROSS-DEFENDANT |
| | |
| EARL L. HENDERSON TRUCKING COMPANY | CROSS-CLAIMANT |
| v. | |
| STAFFING CONCEPTS NATIONAL, INC. | CROSS-DEFENDANT |

**MEMORANDUM OPINION**

Third-Party Defendants Staffing Concepts National, Inc. ("Staffing Concepts") and Earl L. Henderson Trucking Company ("Henderson") have moved separately for summary judgment (Dkt. Nos. 24 and 25). Third-Party Plaintiff ConAgra Foods, Inc. ("ConAgra") responded (Dkt. # 30), Defendants replied (Dkt. Nos. 32 and 33) and this matter is now ripe for decision. For the reasons given below, Defendants' motions for summary judgment are **GRANTED**.

**BACKGROUND**

This case arises out of an injury sustained by Plaintiff Edward Knous ("Mr. Knous"), a

1

truck driver, when he fell out of the truck he was driving while stopped at a weigh station in Lyon County, Kentucky. At the time, the truck contained frozen chicken from ConAgra's plant, which Mr. Knous was transporting. The tractor-trailer he was driving was owned by Henderson; his employment with Henderson was structured as a leased employee arrangement between Staffing Concepts and Henderson. Mr. Knous brought suit against ConAgra seeking compensation for injuries arising out of this incident under the theory that ConAgra negligently exposed him to carbon dioxide, which caused his fall from the truck and his resulting paralysis. (Dkt. # 1). ConAgra then brought suit against Henderson and Staffing Concepts, arguing that their failure to train Mr. Knous about the dangers of working with carbon dioxide caused his injuries. Henderson and Staffing Concepts have moved for summary judgment.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere

scintilla of the evidence. To support his position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## ANALYSIS

ConAgra's Third-Party Complaint asserts that the Plaintiffs' injuries, insofar as there were any, were caused by the negligence of Henderson and Staffing Concepts, and that "[a]s a result, ConAgra is entitled to recover from [Henderson and Staffing Concepts] all or part of what the Plaintiffs may recover from ConAgra by virtue of comparative negligence under the apportionment provisions of KRS 411.182 and/or the so-called "Brown Hotel indemnity." (Dkt. # 15, at 2-3.) In their motions for summary judgment, Henderson and Staffing Concepts each argue that ConAgra may not recover from Henderson and Staffing Concepts on either of these bases.

**Comparative Fault**

Kentucky's comparative fault statute, KRS § 411.182, provides in relevant part that "[i]n

all tort actions ... involving fault of more than one (1) party to the action, including third-party defendants ... the court ... shall instruct the jury to answer interrogatories ... indicating: (a) the amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and (b) the percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability...." Also relevant is Kentucky's worker's compensation statute, which provides that it is an employee's sole remedy against his employer for work-related injury. KRS § 342.690.

In applying these two statutes to situations in which employees seek relief from third parties for work-related injuries, the Kentucky Supreme Court has held that a third party tort-feasor has no right of contribution against the employer because "[a]s a practical matter, workers compensation coverage constitutes a settlement between the employee and the employer whereby the employee settles his tort claim for the amount he will receive as compensation." *Dix & Associates v. Key*, 799 S.W.2d 24, 29 (Ky. 1990). In that case, the court held, the employer "occupie[d] the position of a tort-feasor which has settled the tort claim against it." *Id.* Therefore, although it can seek an apportionment of liability at trial, ConAgra cannot recover directly against Henderson or Staffing Concepts pursuant to KRS § 411.182.

*Brown Hotel* **Indemnity**

ConAgra also argues that the doctrine of "*Brown Hotel* indemnity" would allow it to recover against Henderson and Staffing Concepts because it is "secondarily liable" for any negligence which may have led to the Plaintiffs' injuries. In *Brown Hotel*, the Kentucky Supreme Court noted the rule that:

> Where one of two parties does an act or creates a hazard and the other, while not concurrently joining in the act, is, nevertheless, thereby exposed to liability to the person injured, or was only technically or constructively at fault, as from the failure to perform some legal duty of inspection and remedying the hazard, the party who was the active wrongdoer or primarily negligent can be compelled to make good to the other any loss he sustained.

224 S.W.2d 165, 167, 311 Ky. 396, 399 (Ky. 1949). In that case, a pedestrian walking near the Brown Hotel was injured after an employee of the coal company failed to secure a manhole cover he used to deliver coal to the hotel. Both the hotel and the coal company were liable to the pedestrian for negligence; however, the *Brown Hotel* court held that "[t]he primary, efficient and direct cause of the accident was the positive antecedent negligence of the fuel company's employee ... [the hotel company's] fault was a negative tort in failing to check upon the act of the coal delivery man and in failing to observe its affirmative duty to the public to see that the way was free of obstruction or the pitfall." *Id.* Therefore, the court held, the possibility of seeking contribution still existed among the joint tort-feasors. *Id.* at 169.

Henderson and Staffing Concepts argue that the *Brown Hotel* indemnity doctrine is inapplicable in this case. They argue that if ConAgra and Henderson/Staffing Concepts are all liable to the Plaintiffs, it will be on the basis of the same negligent act - i.e., failure to prevent Mr. Knous from being exposed to dry ice. ConAgra argues that, because it noted on the bill of lading it gave to Mr. Knous that there was carbon dioxide in the shipment, any negligence is purely failure on the part of Henderson and/or Staffing Concepts to train Mr. Knous that carbon dioxide is dangerous if inhaled. It argues that "a genuine issue exists as to whether the active fault rested with ConAgra, which gave a warning, or [Mr. Knous's] employer, which did not give a warning." (ConAgra's Opposing Memorandum, Dkt. # 30, at 8).

The Court is unpersuaded that ConAgra's argument constitutes a genuine issue of

5

material fact sufficient to preclude summary judgment on its claims against Henderson and Staffing Concepts on the basis of *Brown Hotel* indemnity.  Both Henderson/Staffing and ConAgra are charged with essentially the same negligence; the degree to which the parties' negligence caused differing amounts of damage to Mr. Knous, if it did, is a matter for apportionment by the jury at trial.  The negligence of the parties, if any, is not so different in kind or degree as to make the rule in *Brown Hotel* applicable here.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment shall be **GRANTED**.  If the proof is sufficient at trial, ConAgra is entitled to an apportionment instruction.  However, ConAgra has no separate claim of contribution or indemnity.