

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO.: 5:04-cv-102-R

## JURY INSTRUCTIONS

| | |
|---|---|
| **EDWARD R. KNOUS and** <br> **JANET KNOUS** | **PLAINTIFFS** |
| v. | |
| **CONAGRA FOODS, INC.** | **DEFENDANT** |

145/146

## INSTRUCTION NO. 1

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven their case against the Defendants by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

Your answer to any question must be unanimous. That is, all seven (7) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

## INSTRUCTION NO. 3

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

## INSTRUCTION NO. 4

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it all. But you should act reasonably and carefully in making these decisions.

You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

INSTRUCTION NO. 5

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

INSTRUCTION NO. 6

Plaintiffs Edward and Janet Knous, have the burden of proving each and every element of their respective claims by a preponderance of the evidence. If you find that they have not proved any one of the elements by a preponderance of the evidence, you must return a verdict on that particular claim for the Defendant, ConAgra Food, Inc.

A preponderance of the evidence is established if you are persuaded a fact is more probably true than not. In other words, think of an ordinary balance scale, with a pan on each side. Onto one side of the scale, place all the believable evidence favorable to Plaintiffs. On the other side, place all of the believable evidence favorable to the Defendant.

Because the Plaintiffs must prove their case, the Plaintiffs may recover against the Defendant only if they tip the scale in their favor. If you conclude that the evidence is equally balanced or that it favors the Defendant, you must decide in favor of the Defendant.

INSTRUCTION NO. 7

You have heard evidence of a Material Safety Data Sheet ("MSDS"). The MSDS is not introduced, nor may it be considered by you for the truthfulness of the information it contains. Rather, it is evidence only of what information the manufacturer provided to the Defendant, ConAgra.

## INSTRUCTION NO. 8

You have heard evidence that prior to the incident involving the Plaintiff, Edward Knous, that no truck driver complained of difficulties from a similar amount of dry ice stored in a trailer picked up at ConAgra's plant in Mayfield, Kentucky. This evidence can be considered solely for the purpose of whether ConAgra had prior notice of complaints of dry ice from truck drivers. It may not be considered evidence as to whether the dry ice caused or did not cause the fall.

INSTRUCTION NO. 9

"Ordinary care" as used in these instructions means such care as the jury would expect an ordinarily prudent person or business engaged in the same type of activity to exercise under similar circumstances.

INSTRUCTION NO. 18

One last Instruction. You should not consider my rulings to reflect how I feel about the case. Any statements I have made were not intended nor should they be taken as indicating what your verdict should be in this case – that is solely your decision

INSTRUCTION NO. 10

It was the duty of the Defendant, ConAgra, to exercise ordinary care to have its place of business, including the trailers in question, in a reasonably safe condition commensurate with the hazard reasonably to be foreseen in the transporting of chicken and dry ice.

In order to find for the Plaintiff, you must be satisfied from the evidence that:

1) the Defendant, ConAgra, failed to comply with this duty, AND

2) the Defendant's failure to comply with this duty was a substantial factor in causing the injury to the Plaintiff.

Are you satisfied from the evidence that the Defendant, ConAgra, failed to comply with this duty, and that such failure was a substantial factor in causing the injury to the Plaintiff, Edward Knous?

YES_____     NO\_\_\_\_✓_____

FOREPERSON ▇▇▇▇▇▇▇▇▇▇▇▇▇▇   DATE  11-30-06

If you answer "YES," please proceed to the next Instructions. If you answer "NO," please return to the Courtroom.

INSTRUCTION NO. 11

The Plaintiff, Edward Knous, had a duty to exercise ordinary care for his own safety.

Are you are satisfied from the evidence that the Plaintiff, Edward Knous, failed to comply with this duty, and that such a failure was a substantial factor in causing the Plaintiff's injury?

YES_____     NO_____


FOREPERSON_____ DATE_____


Please proceed to the next Instruction.

## INSTRUCTION NO. 12

Earl Henderson Trucking had a duty to exercise ordinary care in properly training and supervising Edward Knous.

Are you are satisfied from the evidence that Earl Henderson Trucking failed to comply with this duty, and that such a failure was a substantial factor in causing the Plaintiff's injury?

YES_____    NO_____

FOREPERSON_____ DATE_____

Please proceed to the next Instruction.

INSTRUCTION NO. 13

If you answered "YES" in Instruction No. 10, **and** "YES" in Instruction No. 11 **and/or** "YES" in Instruction No. 12, you will determine from the evidence and indicate in the following blank spaces what percentage (%) of the total fault was attributable to each of the parties as follows:

Plaintiff, Edward Knous: _____%

Defendant, ConAgra Foods, Inc. _____%

Earl Henderson Trucking _____%

**(TOTAL MUST EQUAL 100%)**

In determining the percentage (%) of fault you should consider both the nature of the conduct of each party at fault and the extent of the casual relation between his conduct and the damages claimed.

FOREPERSON _____  DATE_____

## INSTRUCTION NO. 14

If you answered "YES" to Instruction No. 10, you will determine from the evidence and award the Plaintiff, Edward Knous, a sum or sums of money that will fairly and reasonably compensate him for such of the following damages as you believe from the evidence he has sustained directly by reason of the act or acts of the Defendant:

A) Reasonable Medical Expenses he has incurred: $_____
(Not to exceed $191,847.94, the amount requested by the Plaintiff)

B) Future medical expenses he is reasonably certain to incur in the future: $_____
(Not to exceed $723,467.55, the amount requested by the Plaintiff)

C) Lost wages to date and permanent impairment of his power to earn money in the future: $_____
(Not to exceed $380,000.00, the amount requested by the Plaintiff)

D) Physical and mental suffering he sustained in the past and is reasonably certain to endure in the future: $_____
(Not to exceed $10,000,000, the amount requested by the Plaintiff)

_____
TOTAL

_____                    _____
FOREPERSON                    DATE

## INSTRUCTION NO. 15

If you find for the Plaintiff, Edward Knous, you will determine from the evidence and award the Plaintiff, Janet Knous, a sum of money that will fairly and reasonably compensate her for whatever loss of services, assistance, aid, society, companionship and conjugal relationship of her husband, Edward Knous, you believe she has sustained or is reasonably certain to sustain in the future as a direct result of his injuries.

$ _____
(Not to exceed $500,000, the amount requested by the Plaintiff)


_____          _____
FOREPERSON                                                                   DATE

## INSTRUCTION NO. 16

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date and sign your answers.

## INSTRUCTION NO. 17

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.